UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JESSE HELMS,

        Plaintiff,

v.

AMANDA WILLIAMS,

        Defendant.

Civil Action
No. 22-7519 (CPO) (AMD)

**OPINION**

**O'HEARN, District Judge.**

Plaintiff, who was a state inmate at the time he filed this case, is proceeding *pro se* with an Amended Complaint (hereinafter "Complaint") pursuant to 42 U.S.C. § 1983. (ECF No. 11.) For the reasons stated in this Opinion, the Court will dismiss Plaintiff's federal claim without prejudice and decline to exercise supplemental jurisdiction over his potential state law claims.

### I.    BACKGROUND[1]

This case arises from Plaintiff's medical treatment at South Woods State Prison, in Bridgeton, New Jersey. (ECF No. 11, at 5–6.) Plaintiff names only Amanda Williams, a nurse at the prison, as a Defendant in this matter. (*Id*. at 4.)

Plaintiff contends that on November 17, 2022, he went out to the recreation area to play basketball. (*Id.* at 5.) During the game, Plaintiff landed on his hands and noticed that his right hand became swollen and difficult to move. (*Id*.) The next day, he sought medical attention. (*Id*.) Defendant Williams evaluated Plaintiff and asked him to explain his medical issue. (*Id*.) Plaintiff "told her [his] hand is caus[ing] him pain." (*Id*.)

---

[1] The Court will accept as true the factual allegations in the Complaint for the purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

Defendant Williams "look[ed]" at his hand and said, "she can fix it." (*Id.*) She took a hold of his hand and ring finger and asked him if he was ready. (*Id.*) She then "suddenly" pulled his ring finger, "causing it to crack[] very loudly," and causing Plaintiff to nearly faint from pain. (*Id.*) She told Plaintiff that he was now "ok and can return to [his] unit." (*Id.*) Within a week, however, Plaintiff was still having issues with his hand, and "it felt even worse than before." (*Id.*) Plaintiff anticipates having surgery at some point in the future. (*Id.* at 8.)

Plaintiff filed his initial complaint in December of 2022, and the instant Complaint in May of 2023. In terms of relief, Plaintiff seeks compensation for his pain and suffering. (*Id.* at 7–8.)

## II.     STANDARD OF REVIEW

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis* and in which a plaintiff sues "a governmental entity or officer or employee of a governmental entity." *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a). District courts must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). When considering a dismissal for failure to state a claim on which relief can be granted, courts apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

Consequently, to survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, while courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege

sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III. DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. To succeed on a § 1983 claim, a plaintiff must allege two things: first, a violation of a right under the Constitution, and second, that a "person" acting under color of state law committed the violation. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff argues that Defendant Williams denied him proper medical care, which may fall under the Eighth Amendment's prohibition against cruel and unusual punishment. (ECF No. 11, at 4–5.)

For the delay or denial of medical care to rise to a constitutional violation, a prisoner must demonstrate "(1) that defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Deliberate indifference requires proof that the official "knows of and disregards an excessive risk to inmate health or safety." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). More specifically, courts have found deliberate indifference where a person: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a nonmedical reason; or (3) prevents a prisoner from receiving needed or recommended treatment." *Rouse*, 182 F.3d at 197.

That said, courts give deference to prison medical authorities in the diagnosis and treatment of patients and will not "second-guess the propriety or adequacy of a particular course of treatment . . . [which] remains a question of sound professional judgment." *Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979). As a result, allegations of medical malpractice or

3

negligent treatment do not rise to constitutional violations. *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976); *Pierce v. Pitkins*, 520 F. App'x 64, 66 (3d Cir. 2013) (per curiam).

Applying those principles here, the Court will assume that Plaintiff's swollen right hand satisfies the second *Rouse* prong, as a serious medical need. *Rouse*, 182 F.3d at 197. As to the first prong, however, the Complaint fails to allege facts to support a claim that Defendant Williams was deliberately indifferent to that need. Rather, Plaintiff admits that Defendant Williams evaluated his hand on November 18, 2022, and tried to "fix it." (ECF No. 11, at 5.) It appears that Defendant Williams believed that the finger was dislocated from the joint and attempted to relocate the finger. (*See id*.) It also appears, that she believed that she was successful in doing so. (*See id*.) Plaintiff contends that she "didn't follow protocol dealing with broken bones and us[ed] bad judgment." (*Id.* at 4.)

Plaintiff's disagreement with Defendant Williams as to the proper course of treatment does not rise to the level of an Eighth Amendment violation. *See, e.g.*, *Lenhart v. Pennsylvania*, 528 F. App'x 111, 115 (3d Cir. 2013) (explaining that allegations of negligent diagnosing and treatment, and mere disagreement as to proper medical treatment do not raise a constitutional claim); *Smith v. O'Boyle*, 251 F. App'x 87, 90 (3d Cir. 2007) (affirming dismissal of a complaint, "[b]ecause a disagreement as to the proper medical treatment for a prisoner is insufficient to establish an Eighth Amendment violation"); *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987). Where a "prisoner has received some medical attention and the dispute is over the adequacy of treatment" courts should not "second guess medical judgments and . . . constitutionalize claims which sound in state tort law." *See U. S. ex rel. Walker v. Fayette Cnty., Pa.*, 599 F.2d 573, 575 n.2 (3d Cir. 1979). The question of whether "additional diagnostic techniques or forms of treatment . . . [are necessary] is a classic example of a matter for medical

judgment . . . and does not represent cruel and unusual punishment" under the Eighth Amendment. *E.g.*, *McCluskey v. Vincent*, 505 F. App'x 199, 203 (3d Cir. 2012) (internal quotation marks omitted).

In light of Defendant Williams' evaluation and treatment of Plaintiff, it is apparent that the Complaint only shows a difference in opinion over the proper course of treatment, rather than a complete denial of medical care. *See Rhines v. Bledsoe*, 388 F. App'x 225, 227 (3d Cir. 2010). At most, Plaintiff's allegations that Defendant Williams used poor judgment or "didn't follow protocol" regarding broken bones, rise only to the level of medical malpractice, which is insufficient to state a claim under the Eighth Amendment. *See McCluskey*, 505 F. App'x at 203; *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) ("Allegations of medical malpractice are not sufficient to establish a constitutional violation."). Accordingly, the Court will dismiss without prejudice Plaintiff's Eighth Amendment claim.

Finally, as no federal claims remain, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, including any potential negligence or medical malpractice claims. *See* 28 U.S.C. § 1367(c)(3); *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000).

## IV.    CONCLUSION

For the reasons set forth above, the Court will dismiss Plaintiff's federal claim without prejudice for failure to state a claim and decline to exercise supplemental jurisdiction over his potential state law claims. An appropriate Order follows.

Dated:  September 11, 2023

/s/ Christine P. O'Hearn
**Christine P. O'Hearn**
**United States District Judge**